**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Susan Gail Johnson Beardsley,<br><br>Debtor | Chapter 7<br>Case No. 26-10238 |

# ORDER DENYING APPLICATION TO WAIVE FILING FEE

The debtor, Susan Gail Johnson Beardsley, is representing herself in this bankruptcy case. When Ms. Johnson Beardsley began this case in late October 2026, she filed an Application to Have the Chapter 7 Filing Fee Waived [Dkt. No. 4]. As explained below, the Court cannot waive the filing fee here. Ms. Johnson Beardsley does not meet the strict requirements for a waiver. The Court will, however, permit Ms. Johnson Beardsley to pay the fee in installment payments.

The application form for a filing fee waiver asks: "What is the size of your family?" And the application explains that "[y]our family includes you, your spouse, and any dependents." The application then requires details about the family's income. The application tells a debtor to list the average monthly income that the debtor actually receives. The application also tells the debtor to list the average monthly income of any spouse, if they live together—"even if [the] spouse is not filing [for bankruptcy]."

On her application to waive the filing fee, Ms. Johnson Beardsley reported a family size of one and listed only her own income. On other forms, however, Ms. Johnson Beardsley reported that she is married, that her spouse lives in her household, that they are not legally separated, and that her household size is two. She also listed both her and her spouse's income, as required, on Schedule I: Your Income (Official Form 106I). Given these details, it appears that Ms. Johnson

Beardsley should have reported a family size of two and listed her spouse's income on her application to waive the filing fee. And the Court will use those details below.

On Schedule I, Ms. Johnson Beardsley reported that her and her spouse's combined monthly income is $3,433.87. She reported that this income is from Social Security benefits and pension or retirement income. The Court must consider all such income when deciding whether the filing fee can be waived.[1] $3,433.87 should have been listed as the total income on Ms. Johnson Beardsley's application to waive the filing fee.

To qualify for a fee waiver, income must be less than 150% of the federal poverty guidelines.[2] For a family size of two, income at 150% of the federal poverty guidelines is $2,705.00 per month. The above income of $3,433.87 per month exceeds that amount. That is, the total income for Ms. Johnson Beardsley's family size of two is not less than 150% of the federal poverty guidelines. Thus, the Court cannot waive the filing fee.

Accordingly, Ms. Johnson Beardsley's application to waive the filing fee is denied. Because Ms. Johnson Beardsley reports only minimal savings, the Court will let her pay the filing fee in installments. A separate order will provide the fee payment schedule.

Dated: November 6, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

[1] As indicated on the application form, the Court would exclude only "any non-cash governmental assistance" ("such as food stamps . . . or housing subsidies") from the income total. Ms. Johnson Beardsley reported no such income on her application or her Schedule I form.

[2] The law about bankruptcy filing fee waivers is in 28 U.S.C. § 1930(f)(1). Procedures that courts use to apply this law are in volume 4, chapter 8, of the Guide to Judiciary Policy, which is publicly available at https://www.uscourts.gov/sites/default/files/vol04_ch08.pdf (last visited Nov. 5, 2026). Among other things, the procedures identify applicable federal poverty guidelines and countable income sources. Under the law and procedures, to qualify for a fee waiver, countable income must be less than 150% of the federal poverty guidelines, <u>and</u> the debtor must also be unable to pay the fee in installments.